# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ARTHUR SCOTT,<br><br>Defendant. | Case No. CR11-2025<br><br>**ORDER FOR PRETRIAL DETENTION** |

On the 26th day of April, 2011, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The Government was represented by Special Assistant United States Attorney Daniel Aaron Chatham. The Defendant appeared personally and was represented by his attorney, Jane Kelly.

### RELEVANT FACTS

On April 19, 2011, Defendant Arthur Scott was charged by Indictment (docket number 9) with conspiracy to distribute heroin (Count 1) and distribution of heroin within 1,000 feet of a school (Count 6). Defendant entered a plea of not guilty and trial is scheduled before Chief Judge Linda R. Reade on June 20, 2011.

Cedar Rapids Police Officer Brian Furman, who is currently assigned to the DEA Task Force, testified regarding the circumstances underlying the instant charges. Defendant is named in a conspiracy to distribute heroin in Waterloo, Iowa, and Cedar Rapids, Iowa. As part of the investigation of the drug conspiracy, law enforcement placed wiretaps on Defendant's telephone, and placed him under surveillance. Through the investigation, law enforcement determined that Defendant supplied heroin to both drug users and drug dealers.

On February 15, 2011, authorities executed 17 search warrants, including a search of Defendant's residence. Law enforcement found drug packaging material and drug paraphernalia. Defendant was also interviewed by law enforcement, and admitted selling heroin in Waterloo and Cedar Rapids. According to Defendant, from November 2010 to February 2011, he purchased 6 grams of heroin every two days for purposes of selling it.

According to the pretrial services report, Defendant is 42 years old. He was born and raised in Chicago, Illinois, lived in Elkhart, Indiana, for one year, lived in Cleveland, Ohio, for three years, and then moved to Waterloo, where he has lived since 1999. Defendant is married and has two children.

Defendant has been unemployed since December 2008. He told the pretrial services officer that he has done "odd jobs" since becoming unemployed in 2008. He has no serious physical or mental health problems. Defendant admitted daily heroin use from 2009 until about one month ago. He has been taking Methadone and Suboxone without a prescription to treat his heroin addiction. Defendant stated that he purchases the Methadone and Suboxone "off the street."

In 1985, at age 17, Defendant was arrested for possession of marijuana, but the charge was not prosecuted. In 1987, Defendant was arrested for criminal trespass to a residence and possession of marijuana. Both charges were stricken from the docket with leave to reinstate. In 1988, Defendant was arrested on separate charges of trespass to a vehicle and possession of marijuana. The criminal trespass to a vehicle charge was stricken from the docket with leave to reinstate, and the marijuana possession charge was not prosecuted.

In July 1989, Defendant was arrested for possession of a controlled substance, but the charge was not prosecuted. On December 24, 1989, Defendant was charged and later convicted of unlawful use of a firearm. He was sentenced to 1 year of supervision. On June 15, 1990, while on supervision for the firearm offense, Defendant was charged with possession of a controlled substance. Bond was forfeited in that case.

In February 1992, Defendant was arrested for solicitation of narcotics, but the charge was not prosecuted. On December 8, 1992, Defendant was charged and later convicted of possession of a controlled substance with intent to deliver. On September 18, 1993, while the 1992 possession charge was pending, Defendant was charged and later convicted of 2 counts of possession of a controlled substance with intent to deliver. On November 22, 1993, Defendant was sentenced on the 1992 and 1993 possession with intent to deliver charges. He was sentenced to 3 years in prison on the 1992 charge, and 4 years in prison on the 1993 charges. Defendant was paroled on May 18, 1994.

In March 1995, while on parole for the 1992 and 1993 drug charges, Defendant was charged with possession of cocaine. The charge was stricken from the docket with leave to reinstate. In July 1995, while on parole for the 1992 and 1993 drug charges, Defendant was charged with retail theft. Again, the charge was stricken from the docket with leave to reinstate. On October 12, 1995, while on parole for the 1992 and 1993 drug charges, Defendant was charged and later convicted of retail theft. Defendant's parole was revoked, and he was sentenced to 2 years in prison on the new charge. He was paroled on March 18, 1996.

In September 1996, while on parole for the 1992 and 1993 drug charges and 1995 retail theft charge, Defendant was charged with domestic battery. The charge was stricken from the docket with leave to reinstate. In October 1996, while on parole for the 1992 and 1993 drug charges and 1995 retail theft charge, Defendant was charged with disorderly conduct. The disposition of that charge is unknown. Defendant was discharged from parole on March 11, 1997.

In January 1998, Defendant was charged with domestic battery. The charge was stricken from the docket with leave to reinstate. On June 10, 2002, Defendant was charged and later convicted of possession of crack cocaine with intent to distribute. He was sentenced to 10 years in prison, which was suspended, and 5 years probation. On August 23, 2004, he was discharged from probation.

## DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). It must first determine by a preponderance of the evidence whether defendant has been charged with a certain type of offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

In seven enumerated circumstances, a judicial officer must hold a hearing to determine whether any release condition or combination of release conditions will reasonably assure the appearance of defendant as required and the safety of the community. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, serious drug offenses, and felonies involving minor victims. 18 U.S.C. § 3142(f)(1). The last two enumerated circumstances where a hearing is required involve "risk factors." 18 U.S.C. § 3142(f)(2). In this case, Defendant is charged with conspiracy to distribute heroin and distribution of heroin within 1,000 feet of a school, which are offenses found in § 3142(f)(1). Also, the Government alleges a serious risk of flight.

If, following a hearing, "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or

combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985). "Perhaps counter-intuitively, the government's evidentiary burden is lesser to prove a flight risk than to prove risk of harm." *United States v. Kisling*, 334 F.3d 734, 735, n.3 (8th Cir. 2003) (citing *Orta*).

In determining whether any condition of combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

The Government has the burden of proof in this regard. It is aided in this case, however, by a rebuttable presumption found at 18 U.S.C. § 3142(e). If the Court finds there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed by the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*, then there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. The return of an Indictment by a Grand Jury is sufficient to support a finding by the Court that there is probable cause to believe that the Defendant committed the offense identified in the Indictment. *United States v. Payne*,

660 F. Supp. 288, 291 (E.D. Mo. 1987). In a "presumption case," the defendant bears a limited burden of production--not a burden of persuasion--to rebut the presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight. *Abad*, 350 F.3d at 797 (citing *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). Once the defendant has met his burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the court. *Id*. *See also United States v. Jessup*, 757 F.2d 378, 382-84 (1st Cir. 1985).

Turning to the facts in the instant action, Defendant is charged with conspiracy to distribute heroin and distribution of heroin within 1,000 feet of a school. While it is difficult for the Court in a detention hearing to weigh the evidence of an alleged conspiracy, it appears that the evidence against Defendant is strong. Officer Furman testified to calls intercepted from Defendant's wiretapped phone which support the allegations against Defendant. Heroin was apparently purchased from Defendant in a controlled buy on January 4, 2011. During a search warrant executed on Defendant's residence, law enforcement found drug packaging and drug paraphernalia. When interviewed by law enforcement, Defendant admitted selling heroin.

The charges against Defendant are very serious. There is substantial evidence of Defendant's involvement in the distribution of heroin. Of particular concern to the Court are Defendant's four prior felony drug convictions and prior conviction for the unlawful use of a firearm. Additionally, Defendant is a heroin addict and admitted daily heroin use from 2009 until about one month ago. Even after his residence was searched on February 15, 2011, Defendant continued to use heroin daily. The Court has no confidence that Defendant would comply with the terms and conditions it would impose if he were released. Based on the serious nature and circumstances of the offense, Defendant's substantial criminal record, including multiple felony drug convictions and a firearm conviction, his continuing use of heroin, and the rebuttable presumption, the Court finds that Defendant should be detained pending trial.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds the Government has met its burden of proving by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Defendant as required. The Court further finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

## ORDER

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. The time from the Government's oral motion to detain (April 21, 2011) to the filing of this Ruling (April 27, 2011) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(D).

DATED this 27th day of April, 2011.

JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA