IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN WATERLOO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. CR 11-2025 (2) |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | BRIEF IN SUPPORT OF APPEAL |
| ARTHUR SCOTT, ) | OF DETENTION ORDER (*MOTION* |
| ) | *PURSUANT FOR REVOCATION OF* |
| ) | *DETENTION ORDER PURSUANT TO* |
| Defendant. ) | *18 U.S.C. §3145(b)*) |

Defendant submits the following argument in support of his appeal of the Order for Pretrial Detention, filed April 27, 2011, in this case:

1. On April 19, 2011, the grand jury returned a multiple count, multiple defendant Indictment in this case. Arthur Scott was charged in two of the counts: conspiracy to distribute heroin (Count 1) and distribution of heroin within 1000 feet of a protected location (Count 6). On April 21, 2011, Arthur Scott had an initial appearance and arraignment, at which time he pled not guilty. Trial is currently scheduled to begin June 20, 2011. Both the government and all but one of the defendants agree the trial should be continued, due to the complex nature of the case and the amount of evidence gathered. *See e.g.* Government's Response to Motion to Continue(Docket No. 77), p. 1 ("The discovery file, with all line sheets, should be well over 20,000 pages.").

2. On April 26, 2011, the Magistrate Court held a hearing on the government's motion

to detain Defendant Arthur Scott.[1]  In this case, the statute imposes a rebuttable presumption of detention, but the government retains the burden of proof concerning whether there is any condition or combination of conditions that would reasonably assure Arthur Scott's appearance in court and the safety of the community.  *See* 18 U.S.C. §3142(e)(2); Order for Pretrial Detention (Docket No. 68), p. 5.  At the conclusion of the hearing on the government's motion, the Magistrate Court concluded that the government "met its burden of proving by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Defendant [Scott] as required."  Order for Pretrial Detention (Docket No. 68), p. 7.  The Magistrate Court further concluded "by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant [Scott] is released."  *Id.*

   3. Defendant Arthur Scott respectfully submits there is a condition or combination of conditions that would both assure his appearance at court and assure the safety of the community.  *See* 18 U.S.C. §3142(f).  As to the safety of the community, the Magistrate Court placed a significant amount of weight on Defendant Arthur Scott's prior convictions.  *See* Order for Pretrial Detention (Docket No. 68), p. 6 ("Of particular concern to the Court are Defendant's four prior felony drug convictions and prior conviction for the unlawful use of a firearm.")  Defendant Scott notes only three prior felony drug convictions from the Pretrial Services Report, two of which occurred almost 20 years ago, in 1992 and 1993.  The most recent felony drug conviction was in 2002, and he received a 10-year prison sentence, which was suspended, and he

---

[1]The hearing on the government's motion for detention in this case was held in conjunction with the government's motion for detention regarding co-defendants Rochester Mitchell, Edward Sapp, and Lawrence Johnson.

was placed on a 5-year term of probation. Defendant Scott, according to the Pretrial Services Report, successfully completed this probation. As for the unlawful use of a firearm conviction, this offense, too, is several years old, occurring in 1989 when Defendant Scott was only 21 years old. Thus, when examined more closely, Defendant Scott's prior record is not sufficiently serious in recent years to warrant the conclusion that he would pose a danger to the community. Defendant Scott also notes there was no evidence presented at the April 27, 2011, hearing to suggest he possessed a firearm in connection with the pending charges, or that he has shown violent or aggressive tendencies during the time period alleged in the Indictment.

    4. The Magistrate Court expressed concern about Defendant Scott's "continued heroin use," even after law enforcement executed a search warrant at his residence on February 15, 2011. Order for Pretrial Detention (Docket No. 68), p. 6. Defendant Scott respectfully submits the Magistrate Court failed to consider the possibility of drug treatment, even in-patient treatment, to address this health concern. *See e.g.* 18 U.S.C. §3142(c)(1)(B)(x) (conditions of release may include the condition that the person "undergo available medical, psychological, or psychiatric treatment, including treatment for drug or alcohol dependency, and remain in a specified institution if required for that purpose").

    5. Defendant Scott also respectfully submits the Magistrate Court failed to take into sufficient consideration his ties to the community, and the lack of any evidence to suggest he would be a risk of flight. Defendant Arthur Scott has lived in Waterloo, Iowa, since 1999; he is married and has two children. Order for Pretrial Detention (Docket No. 68), p. 2. As noted by the Magistrate Court, Defendant Scott knew about the investigation as early as mid-February 2011. *Id.* at 6. He also voluntarily spoke with law enforcement, on more than one occasion,

prior to his arrest.  Defendant Scott did not flee the jurisdiction when he knew about the investigation, and there is no reason to believe he would not appear in court as ordered if released.  Defendant Scott also submits that his ties to the community, and his cooperation with authorities thus far, lessen any concerns the Magistrate Court may have had about the safety of the community.

6. For the above stated reasons, Defendant respectfully appeals from the Magistrate Court's Order for Pretrial Detention.  *See* 18 U.S.C. §3145(b) ("If a person is ordered detained by a magistrate judge . . .the person may file, with the court having original jurisdiction over the offense, a motion for revocation . . . of the order.")

7. Counsel for Defendant understands the transcript for the April 26, 2011, hearing has already been ordered.  *See* LCrR 5(a).

> FEDERAL DEFENDER'S OFFICE
> 320 Third Street SE
> Suite 200
> Cedar Rapids, IA  52401-1542
> TELEPHONE: (319)  363-9540
> TELEFAX: (319) 363-9542
>
> BY:*//*: Jane Kelly
> JANE KELLY
> jane_kelly@fd.org
> ATTORNEY FOR DEFENDANT,
> ARTHUR SCOTT

cc:  U.S. Attorney's Office

**Certificate of Service**
I served a copy of this document on the attorneys of record of all parties as follows:
1.  Method of service:      ( X ) electronic filing

2.  Date served:            May 11, 2011
I declare that the statements above are true to the best of my information, knowledge, and belief.

By:  /s/ A. McClain