IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN/WATERLOO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | No. CR 11-2025-LRR |
| ) | |
| vs. ) | |
| ) | |
| ARTHUR SCOTT, aka "Donta," ) | |
| ) | |
| Defendant. ) | |

## GOVERNMENT'S SENTENCING MEMORANDUM

The United States hereby provides its sentencing memorandum.

**A.   Government Witnesses:**

At this time, the government does not anticipate calling any witnesses.

**B.   Government Exhibits:**

Criminal History documents from Career Offender Convictions

**C.   Sentencing Issues:**

Defendant suggests defendant may not be a career offender. The Probation office has correctly determined defendant is a career offender under USSG §4B1.1. Under USSG §4B1.1, a defendant is a career offender if:

> (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

USSG §4B1.1. It is uncontested defendant is at least eighteen years old and has been convicted of a felony controlled substance offense. As noted in the presentence report, defendant has three prior convictions for felony drug trafficking offenses. (PSR ¶¶ 59, 60

and 62). In paragraph 62, the records show defendant was convicted of possession with intent to distribute a controlled substance and was given a probationary sentence in 2002. This offense is within ten years of the instant offense and is properly scored under the sentencing guidelines. see USSG §4A1.2(e).

As reported in the presentence report for defendant's two Illinois drug trafficking felonies, defendant received terms of imprisonment of 3 years (PSR ¶ 59) and 4 years (PSR ¶ 60). The judgments note defendant was eligible for "Impact Program - Boot Camp." Even assuming the defendant successfully completed this program for both offenses, defendant was still sentenced to terms of imprisonment in excess of thirteen months. see *United States v. Gajdik*, 292 F.3d 555, 558-60 (7th Cir. 2002) (An inmate's successful participation in Illinois Department of Corrections Impact Incarceration Program leading to an early release from incarceration after 121 days is in the nature of a commutation or a pardon and not a suspension of the sentence with the imposition of a probationary term which results in using the initial 5-year term of incarceration to determine criminal history points under sentencing guidelines); *United States v. Womack*, 610 F.3d 427, 432 (7th Cir. 2010) (successful completion of Impact Incarceration Program does not prevent later application of the Career Offender sentencing guideline).

In this case, although defendant participated in the program and was released, the presentence report also shows defendant later had that release period revoked and defendant was returned to prison. Defendant is properly determined to be a career offender.

Respectfully submitted,

STEPHANIE M. ROSE
United States Attorney

By, *Pat J.J. Reinert*

PATRICK J. REINERT
Assistant United States Attorney
401 1st Street SE
Cedar Rapids, IA 52401
319-363-6333
319-363-1990 (fax)
Pat.Reinert@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on January 10, 2012, I electronically filed the foregoing with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
Ms. Jane Kelly, Esq.

UNITED STATES ATTORNEY
BY: